



1  PRATA & DALEY LLP
   Robert J. Prata (Bar No. 162600)
2  Todd A. Daley (Bar No. 168742)
   Cassandra J. Zappaterreno, Esq. (Bar No. 208798)
3  515 South Figueroa Street, Suite 1515
   Los Angeles, California 90071
4  (213) 622-5600
   Facsimile (213) 622-5623
5  Email: *tdaley@pratadaley.com*
   Email: *rprata@pratadaley.com*
6  Email: *czappaterreno@pratadaley.com*

7  Attorneys for Plaintiffs and the Class

8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  TOM DALEY, individually and on behalf of        )  CLASS ACTION
    others similarly situated, and on behalf of the )
13  general public,                                  )  Case No.:
                                                     )
14                  Plaintiffs,                      )
                                                     )  CLASS ACTION COMPLAINT FOR
15          vs.                                      )  RESTITUTION, DISGORGEMENT,
                                                     )  INJUNCTIVE RELIEF, AND DAMAGES
16  SONY OPTIARC. INC.; SONY                         )
    OPTIARC AMERICA INC.; SONY NEC                   )
17  OPTIARC INC.; SONY CORP.;                        )  JURY TRIAL DEMANDED
    TOSHIBA SAMSUNG STORAGE                          )
18  TECHNOLOGY CORP.; TOSHIBA                        )
    CORP.; SAMSUNG ELECTRONICS                       )
19  CO.; HITACHI-LG DATA STORAGE                     )
    INC.; HITACHI LTD.; and LG                       )
20  ELECTRONICS INC.;                                )
                                                     )
21                  Defendants.                      )
                                                     )
22  ─────────────────────────────────────────────── )

23          Plaintiff, Tom Daley, on behalf of himself and all others similarly situated, allege

24  and complain (on information and belief except as to those allegations made regarding plaintiff

25  personally) as follows:

26  ///

27  ///

28  ///

                                        1
    ─────────────────────────────────────────────────────────
        CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
                 INJUNCTIVE RELIEF, AND DAMAGES

1

2

3

4

5

6

7

8

9

10

11

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

1.  Plaintiff and all others similarly situated are indirect purchasers of products containing optical disc drives as defined below.

2.  This case arises from Defendants' purposeful and deliberate acts of fixing, maintaining, and raising prices for products containing optical disc drives ("ODDs" or "ODD devices") from November of 2005 through the present date (the "Class Period"), thereby affecting all indirect purchasers of such ODD devices throughout the United States.

3.  Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, conspired to unlawfully restrict competition in the ODD market, thereby causing injury in fact to all indirect purchaser consumers throughout the United States.

4.  Plaintiffs are informed and believe, and thereon allege, that said conspiracy included communications and meetings in which Defendants conspired, combined, and contracted to fix, raise, maintain, and stabilize the price at which ODD Devices were sold in the United States in order to maintain price stability and increase profitability in the ODD market.

5.  Plaintiffs are informed and believe, and thereon allege, that Defendants fraudulently concealed their anticompetitive conduct from Plaintiffs and the Class in furtherance of the conspiracy.

6.  As a result of Defendants' price fixing conspiracy, Plaintiffs have been injured in their businesses and property by paying more for ODD Devices than they otherwise would have paid in the absence of said conspiracy. Such prices exceeded the amount Plaintiffs would have paid if the price for ODD Devices had been determined by a competitive market.

7.  Plaintiffs bring this action seeking federal injunctive relief under Section 16 of the Clayton Act, 15 U.S.C. § 26 for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and to recover damages under state antitrust, consumer protection, unfair trade, and/or deceptive trade practices laws, common law principles of restitution, disgorgement, unjust enrichment, as well as to recover the costs of suit, including reasonable attorneys fees, for the injuries that Plaintiffs and all others similarly situated sustained as a result of the Defendants'

2

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
INJUNCTIVE RELIEF, AND DAMAGES

1    conspiracy to fix, raise, maintain and stabilize the prices of ODD Devices.

2         8.    ODDs that are the subject of this lawsuit include the following formats for use

3    in notebook and desktop computers: CD-ROMS ("CD"), CD-recordable/rewritable ("CD-

4    R/RW"), DVD-ROM ("DVD"), DVD-recordable/rewritable (DVD±R/RW), Blu-Ray ("BD"),

5    Blu-Ray-recordable/rewritable ("BD-R"/"BD-RE") and HD-DVD.  During the Class Period,

6    ODDs served as one of the primary means for recording and reading music, movies, and other

7    digital data.

8         9.    On or about the dates of October 15, 2008, October 29, 2008, and March 6,

9    2009, plaintiff Tom Daley purchased computer products containing one or more of the

10   aforementioned ODD devices.

11                              II.  JURISDICTION AND VENUE

12        10.   Plaintiffs bring this action under Section 16 of the Clayton Act (15 U.S.C. 26)

13   to secure equitable relief against Defendants due to their violations of Section 1 of the

14   Sherman Antitrust Act (15 U.S.C. 1), as well as under the antitrust and other laws of the State

15   of California and other States listed herein to obtain restitution, recover damages, and to secure

16   other relief against Defendants for violation of those laws.

17        11.   This Court has subject matter jurisdiction of the federal antitrust claims asserted

18   in this action under Sections 4 and 16 of the Clayton Antitrust Act (15 U.S.C. 15(a) and 26),

19   Title 28 United States Code Sections 1331 (federal question) and 1337 (a) (commerce and

20   antitrust regulation), and Section 1 of the Sherman Act (15 U.S.C. 1).   This Court has subject

21   matter jurisdiction of the state law claims asserted in this action under Title 28, United States

22   Code Sections 1332(d) and 1367, in that the matter in controversy exceeds the sum of

23   $5,000,000 exclusive of interest and costs, and in which some members of the indirect

24   purchaser Class are citizens of states different from some Defendants, and certain Defendants

25   are citizens or subjects of foreign states.

26        12.   Venue is proper in this judicial district pursuant to 15 U.S.C. §§ 15 and 22, and

27   28 U.S.C. § 1391(b) and (c), in that one or more of the Defendants reside, is licensed to do

28   business in, or is found to or does transact business in this District. Additionally, a substantial

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1615
LOS ANGELES, CALIFORNIA 90071
(213) 622-8600  FAX: (213) 622-8623

3

1    part of the interstate trade and commerce involved and affected by the alleged violations of the

2    antitrust laws was and is carried on in part within this District.

3      13.     During the Class Period, each Defendant or one or more of its subsidiaries,

4    conducted business throughout the United States, including this jurisdiction, and they have

5    purposely availed themselves of the laws of the United States, including specifically the laws

6    of the State of California and the individual states listed herein. Defendants' ODD Devices are

7    sold in a continuous and uninterrupted flow of interstate commerce and foreign commerce,

8    including through and into this District.

9      14.     Defendants' business activities had a direct, substantial and reasonably

10    foreseeable effect on trade and commerce in the United States and caused antitrust injury in

11    the United States.

12      15.     Defendants' conspiracy to fix the price of ODD Devices substantially affected

13    commerce throughout the United States and in each of the states identified herein because

14    Defendants, directly or through their agents and/or co-conspirators, engaged in activities

15    affecting each such state. Defendants have purposely availed themselves of the laws of each

16    state identified herein in connection with their activities relating to the production, marketing

17    and sale of ODD Devices. Defendants produced, promoted, sold, marketed, and/or distributed

18    ODD Devices, thereby purposefully profiting from access to indirect purchasers in each such

19    state. Defendants also contracted to supply or obtain goods or revenue related to the business

20    for ODD Devices. As a result of the activities described herein, Defendants:

21      a.     Caused damage to the residents of the states identified herein;

22      b.     Caused damage in each of the states identified herein by acts or omissions

23        committed outside each such state by regularly doing or soliciting

24        business in each such state;

25      c.     Engaged in persistent courses of conduct within each such state and/or

26        derived substantial revenue from the marketing of ODD Devices (and

27        services related to such marketing); and

28      d.     Committed acts or omissions that they knew or should have known would

4

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT, INJUNCTIVE RELIEF, AND DAMAGES

cause damage (and did, in fact, cause such damage) in each such state while regularly doing or soliciting business in each such state, engaging in other persistent courses of conduct in each such state, and/or deriving substantial revenue from the marketing of ODD Devices in each such state.

16.     The conspiracy described herein adversely affected every person nationwide and in each of the states identified in this Complaint who indirectly bought Defendants' ODD Devices. Defendants' conspiracy has resulted in an adverse monetary effect on indirect purchasers in each state identified.

17.     Prices of ODD Devices in each state can be manipulated by conspirators within that state, outside of it, or both. Without enforcing the antitrust and/or consumer protection laws of each state identified herein, companies that break the law will go unpunished. Defendants knew that commerce in each state identified herein would be adversely affected by implementing their conspiracy.

### III.     PARTIES

A.     Plaintiffs

18.     Within the Class Period, plaintiff and all others similarly situated indirectly purchased ODD Devices from one or more of Defendants named herein in the state in which he resides for his own use and not for resale, and suffered injury in fact as a result of Defendants' illegal conduct described in this Complaint.

19.     Plaintiff Tom Daley ("California Plaintiff"), a resident of California, indirectly purchased ODD devices when he purchased personal computers on October 15, 2008, October 29, 2008, and March 6, 2009 during the Class Period, and suffered injury in fact as a result of Defendants' unlawful conduct in fixing and maintaining the prices of these ODD devices offered for sale in California.

B.     Defendants

20.     Defendant Sony Optiarc America, Inc. ("SOA") is a wholly owned subsidiary of Defendant Sony Optiarc, Inc. Defendant SOA is a Delaware corporation with its business

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

5

1  headquarters located at 1730 N. 1st Street, San Jose, California 95112. During the Class
2  Period, SOA manufactured, sold, and distributed ODD Devices throughout the United States.

3      21.    Defendant Sony Optiarc, Inc. ("SOI") is a Japanese company with its
4  headquarters located at 4-16-1 Okata, Atsugi-shi, Kanagawa 243-002,1 Japan. Prior to its
5  formation in 2008, Defendant SOI was a joint venture between Defendants Sony Corp. and
6  NEC Corp. called Sony NEC Optiarc, Inc. On September 11, 2008, Sony Corp. purchased
7  NEC Corp.'s interest in Sony NEC Optiarc, Inc. The company was subsequently renamed
8  SOI. In 2008, SOI reported revenues of $1.52 billion. During the Class Period, SOI
9  manufactured, sold, and distributed ODD Devices throughout the United States.

10     22.    Defendant Sony NEC Optiarc, Inc. ("SNOI") was a Japanese company with its
11 headquarters located at 4-16-1 Okata, Atsugi-shi, Kanagawa 243-0021, Japan. Defendant
12 Sony NEC Optiarc, Inc. was created on April 3, 2006 as a joint venture between Defendants
13 Sony Corp. and NEC Corp. in which Sony Corp. had a 55% interest and NEC Corp. had a
14 45% interest. Sony Corp. purchased NEC Corp.'s interest in Sony NEC Optiarc, Inc. in 2008
15 and renamed it Sony Optiarc, Inc. During the Class Period, SNOI manufactured, sold, and
16 distributed ODD Devices throughout the United States. Sony Corp. and NEC Corp. exercised
17 joint control over SNOI

18     23.    Defendant Sony Corp. ("Sony") is a Japanese company with its principal place
19 of business at 22-22 Nagaike-cho, Abeno-ku, Oasaka 545-8522, Japan. During the Class
20 Period, Sony manufactured, sold, and distributed ODD Devices throughout the United States.

21     24.    Defendant Toshiba Samsung Storage Technology Corp. ("TSST") is a joint
22 venture of Defendants Toshiba Corp. and Samsung Electronics Co. that was established on
23 April 1, 2004. Toshiba owns 51% of the stock in TSST, while Samsung owns the remaining
24 49%. TSST and Toshiba share corporate headquarters, which are located at 1-1, Shibaura 1-
25 chome, Minato-ku, Tokyo 105-8001, Japan. During the Class Period, TSST manufactured,
26 sold, and distributed ODD Devices throughout the United States. Toshiba Corp. and Samsung
27 Electronics Co. jointly control TSST. TSST forecasted revenue of Y250 billion in fiscal year
28 2004, when it was established.

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600  FAX: (213) 622-5623

6

1    25.   Defendant Toshiba Corp. ("Toshiba") is a Japanese company with its principal
2    place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. During the
3    Class Period, Toshiba manufactured, sold, and distributed ODD Devices throughout the
4    United States.

5    26.   Defendant Samsung Electronics Co., Ltd. ("Samsung") is a Korean company
6    with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-
7    gu, Seoul 100-742, Korea.  During the Class Period, Samsung manufactured, sold, and
8    distributed ODD Devices throughout the United States.

9    27.   Hitachi-LG Data Storage ("HLDS") is a joint venture between Defendants
10   Hitachi, Ltd. and LG Electronics, Inc., with its corporate headquarters located at 4F MSC
11   Center Bldg., 22-23, Kaigan 3-chome, Minato-Ku, Tokyo 108-0022, Japan. Hitachi, Ltd.
12   owns 51% of the stock in HLDS, while LG Electronics, Inc. owns the remaining 49%.
13   Hitachi, Ltd. and LG Electronics, Inc. jointly control and direct the operations of HLDS.
14   HLDS was established in November of 2000 and started operation in January of 2001.
15   Between 2001 and 2005 HLDS sold over 170 million optical disc drives, generating
16   approximately $5.5 billion in total revenues. During the Class Period, HLDS manufactured,
17   sold, and distributed ODD Devices throughout the United States.

18   28.   Defendant Hitachi, Ltd. ("Hitachi") is a Japanese company with its principal
19   executive office at 6-6, Marunouchi 1-chome, Chiyoda-ku,, Tokyo 100-8280, Japan. During
20   the Class Period, Hitachi manufactured, sold, and distributed ODD Devices throughout the
21   United States.

22   29.   Defendant LG Electronics, Inc. ("LG Electronics") is a Korean entity
23   headquartered at LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, South Korea
24   150-721. During the Class Period, LG Electronics manufactured, sold, and distributed ODD
25   Devices throughout the United States.

26   C.   Agents and Co-Conspirators

27   30.   Various other persons, firms and corporations, not currently named herein as
28   Defendants have participated as co-conspirators with the Defendants in the violations alleged

7

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 822-5600  FAX: (213) 822-5623

1    herein, and have performed acts and made statements in furtherance thereof. Some of these

2    firms are currently unidentified. Plaintiffs are informed and believe, and thereon allege, that

3    these co-conspirators include Lite-On IT Corporation, Koninklijke Philips Electronics N.V.

4    and their joint venture that makes ODD Devices, Philips & Lite-On Digital Solutions

5    Corporation and its United States subsidiary, Philips & Lite-On Digital Solutions USA, Inc.

6    Plaintiffs seek leave to amend this Complaint to add co-conspirators as Defendants as they are

7    conclusively identified.

8        31.    The acts alleged against Defendants in this Complaint were authorized, ordered,

9    or done by Defendants' officers, agents, employees, or representatives, while actively engaged

10   in the management and operation of each Defendant's business or affairs.

11       32.    Each Defendant acted as the principal, agent, or joint venturer of, or for, other

12   Defendants with respect to the acts, violations, and common course of conduct alleged herein.

13   Each Defendant that is a subsidiary of a foreign parent acts as the United States agent for the

14   ODDs and ODD Devices made by its parent company.

15       33.    Whenever this Complaint refers to an act, deed or transaction of a corporation

16   or entity, the Complaint is alleging that the corporation or entity engaged in the act, deed or

17   transaction by or through its officers, directors, agents, employees, or representatives while

18   they were actively engaged in the management, direction, control or transaction of the

19   corporation or entity's business or affairs.

20                      IV.    NATURE OF TRADE AND COMMERCE

21   A.    Optical Disc Drive Technology

22       34.    Optical discs contain microscopic pits where data is stored. These pits are made

23   from a crystalline metal alloy and are usually pressed into the disc in a spiral arrangement,

24   starting at the center of the disc. The pits are approximately 0.8 micrometers on CDs, 0.4

25   micrometers on DVDs, and 0.15 micrometers on BDs. Once a disc containing data is inserted

26   into an ODD, the disc spins while a lens inside the device guides a semiconductor laser beam

27   over the disc and a photodiode detects the light reflected from the disc's bumps and pits. The

28   laser moves outward from the center of the disc, scanning over the disc's surface. Then the

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5823

8

1  photodiode reads the light's reflection as a binary code, a series of ones and zeros, that the
2  computer translates into usable data. As the lasers hit the pits on a disc, changes in the
3  intensity of the beams are detected and translated into electrical signals. The more pits that can
4  be packed onto a disc, the more data that disc can store. Reading the different disc formats
5  requires an ODD to have lasers of different wavelengths. Blu-ray disc players use a shorter
6  wavelength laser to read discs, which is blue-violet. Additional layers may also be added to
7  the disc, allowing increased storage capacity.

8      35.    In addition to reading discs, ODDs can write and rewrite on the disc, depending
9  on the technology of the drive and accompanying disc. Discs that have this capability are
10  generally referred to as a recordable disc (e.g., CD-R, DVD-R or BD-R). When a recordable
11  disc is inserted into an ODD that has the ability to record data, the ODD's laser is used to
12  selectively heat parts of the organic photosensitive dye layer. By exposing the disc to light
13  with the laser, the reflective properties of the disc's surface change, which causes the
14  photodiode to recognize these changes as bumps and pits and read the new information on the
15  disc.

16      36.    An optical drive typically has a small Open/Close button that ejects and retracts
17  the drive bay door. This is how media like CDs, DVDs, and BDs are inserted into and
18  removed from the drive. Where the disc drive is intended for internal use in a computer, the
19  sides of the drive have pre-drilled, threaded holes for easy mounting in the drive bay in the
20  computer case. In that case, the optical drive is mounted so the end with the connections faces
21  inside the computer and the end with the drive bay faces outside. The back end of the optical
22  drive generally contains a port for a cable that connects to the motherboard. Also here is a
23  connection for power from the power supply. Most optical drives also have jumper settings on
24  the back end that define how the motherboard is to recognize the drive when more than one is
25  present. These settings vary from drive to drive.

26      37.    ODDs include half-height and slimline models. Half-height ODDs are thicker
27  and generally incorporated into desktop computer towers. Slimline ODDs are thinner and
28  generally incorporated into laptop computers. As laptop computers have become more

9

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
INJUNCTIVE RELIEF, AND DAMAGES

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

popular with consumers, demand for slimline optical disc drives has increased and is expected to overtake half-height demand over the next five years.

B. Optical Disc Drive Industry Background

38. The first ODD was invented with the creation of the audio compact disc (audio "CD"), which was jointly invented by Sony and Philips Electronics ("Philips"). In 1972, Philips announced a technique for storing audio recordings on an optical disc with a small diameter. At the same time, Sony was exploring optically recording audio on a larger disc but was focusing on developing an error correction technique. In 1978, Sony and Philips agreed on a single format for the disc and the error correction method that would be used. The compact disc system was introduced to the public in Japan and Europe in 1982. Since the 1980s, several companies have created spin-offs of the CD project by covering specific CD-based applications and extending the previously established standards set by Sony and Philips.

39. Once a standard for creating a CD was established and an optical device that could read data from said disc was developed, CD-ROM drives began to penetrate the computer market. ODDs have been in common use in computers since the 1990s, when CD-ROM drives became affordable for the average consumer. Thereafter, manufacturers developed ODDs for computers that could read and write DVDs and Blu-Ray discs, which can hold more data than an older CD-ROM.

40. Today, ODDs are a standard component on almost every computer used in the United States. Due to the increasing popularity of personal computers, hundreds of millions of ODD Devices are shipped by Defendants each year, generating billions of dollars in annual revenues.

41. In 2008, Samsung estimated that the ODD market for personal computers is 313 million units per year and the ODD market for all other applications (*e.g.*, automotive audio and video, personal video recorders, set top boxes, CD/ DVD players and recorders, camcorders, and game consoles) is 200 million units per year.

///

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

V.    CLASS ACTION ALLEGATIONS

42.    Plaintiffs bring this action on their own behalf and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), on behalf of the following Class (the "Nationwide Class" or "Class"):

All persons and entities residing in the United States that, from at least November 1, 2005, through the present that indirectly purchased ODD Devices in the United States from one or more Defendants for their own use and not for resale.   Specifically excluded from this Class are Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant.   Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

43.    Plaintiffs also bring this action on their own behalf and as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure and/or respective state statute(s), on behalf of all members of the following state Class, (collectively, the "Indirect Purchaser State Class" or "State Class":

a.    CALIFORNIA:   All persons and entities in California who indirectly purchased an ODD manufactured and/or sold by one or more of the Defendants during the Class Period, and did so for their own use and not for resale.   Specifically excluded from this Class are Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant.   Also excluded are any federal, state or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial

11

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT, INJUNCTIVE RELIEF, AND DAMAGES

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

1     staff, and any juror assigned to this action (the "California Indirect

2     Purchaser Class").

3     44.    The precise number of Class members is unknown to Plaintiffs because such

4 information is in the exclusive control of Defendants. However, due to the nature of the trade

5 and commerce involved, Plaintiffs are informed and believe, and thereon allege, that the

6 members of the proposed Class are so numerous that individual joinder of all members is

7 impracticable.

8     45.    Plaintiffs reserve the right to expand, modify or alter any and all Class

9 definitions in response to information learned during discovery.

10    46.    Plaintiffs reserve the right to expand, modify or alter the Class Period definition

11 in response to information learned during discovery.

12    47.    Plaintiffs' claims are typical of the claims of the other members of the Class.

13 Plaintiffs and all members of the Class are similarly affected by Defendants' wrongful conduct

14 in violation of the antitrust laws in that they paid artificially inflated prices for ODD Devices

15 purchased indirectly from Defendants. Therefore, Plaintiffs' claims arise from the same

16 common course of conduct giving rise to the claims of the members of the Class and the relief

17 sough is common to the Class.

18    48.    There is a well-defined community of interest among the members of the Class

19 because common questions of law of law and fact predominate over individual questions,

20 Plaintiffs' claims are typical of the members of the Class, and Plaintiffs can fairly and

21 adequately represent the interests of the Class.

22    49.    A class action is superior to other available methods for the fair and efficient

23 adjudication of this controversy because joinder of all members is impracticable, the

24 likelihood of individual Class members prosecuting separate claims is remote and individual

25 Class members do not have a significant interest in individually controlling the prosecution of

26 separate actions. Plaintiffs understand the nature of the claims herein, have no conflict with or

27 interests antagonistic to the proposed Class, and will vigorously represent the interests of the

28

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES CALIFORNIA 90071
(213) 622-5600 FAX: (213) 622-5623

12

1    Class.

2         50.    Numerous questions of law or fact arise from Defendants' anticompetitive

3    conduct that is common to the Class, including but not limited to:

4              a.    Whether Defendants, their agents, or co-conspirators engaged in a

5                    contract, combination, and/or conspiracy to fix, raise, maintain, or

6                    stabilize prices or allocate the market for ODD Devices sold in the United

7                    States;

8              b.    Whether Defendants, their agents, or co-conspirators engaged in a

9                    contract, combination, and/or conspiracy to restrict output of ODD

10                    Devices sold in the United States;

11             c.    The duration and extent of any contract, combination and/or conspiracy;

12             d.    Whether Defendants, their agents and/or co-conspirators were

13                    participants in the contracts, combinations and/or conspiracies alleged

14                    herein;

15             e.    Whether Defendants, their agents and/or Co-Conspirators engaged in

16                    conduct that violated Section 1 of the Sherman Act;

17             f.    Whether Defendants, their agents and/or co-conspirators engaged in

18                    unlawful, unfair or deceptive contracts, combinations or conspiracies

19                    among themselves, express or implied, to fix, raise, maintain or stabilize

20                    prices of ODDs sold in and/or distributed in the United States;

21             g.    Whether Defendants, their agents, or co-conspirators engaged in conduct

22                    in violation of the antitrust, consumer protection, unfair trade, and/or

23                    deceptive trade practices laws of the various Indirect Purchaser States as

24                    alleged below;

25             h.    Whether the anticompetitive conduct of the Defendants, their agents

26                    and/or co-conspirators caused prices of ODDs to be artificially inflated to

27                    noncompetitive levels;

28             i.    Whether Defendants, their agents, or co-conspirators were unjustly

13

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

1    enriched as a result of their inequitable conduct at the expense of the

2    members of the Indirect Purchaser Classes;

3    j.    Whether Defendants, their agents, or co-conspirators fraudulently

4          concealed the existence of their unlawful conduct;

5    k.    Whether Plaintiffs and the Indirect Purchaser Classes are entitled to

6          injunctive relief, and if so, the nature and extent of such injunctive relief;

7          and

8    l.    Whether Plaintiffs and the other members of the Indirect Purchaser

9          Classes were injured by Defendants' conduct, and, if so, the appropriate

10         Class-wide measure of damages for Class members.

11   51.   These and other questions of law and fact are common to the Class, and

12   predominate over any questions affecting only individual Class member, including legal and

13   factual issues relating to liability, damages, and restitution.

14   52.   Class action treatment is a superior method for the fair and efficient

15   adjudication of this controversy because:

16   a.    It will avoid a multiplicity of suits and consequent burden on the courts

17         and Defendants;

18   b.    It would be virtually impossible for all members of the Classes to

19         intervene as parties-plaintiff in this action;

20   c.    It will allow numerous individuals with claims too small to adjudicate on

21         an individual basis because of the prohibitive cost of this litigation, to

22         obtain redress for their economic injuries;

23   d.    The prosecution of separate actions by individual Class members would

24         create the risk of inconsistent or varying adjudications, establishing

25         incompatible standards of conduct for Defendants.

26   e.    It is appropriate treatment on a fluid recovery basis, which obviate any

27         manageability problems; and

28   f.    It will provide court oversight of the claims process, once Defendants'

14

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

1               liability is adjudicated.

2        53.     Plaintiff's claims are typical of the claims of the Class because Plaintiffs

3   indirectly purchased ODD Devices from one or more of the Defendants.

4        54.     Named Plaintiff will fairly and adequately represent the interests of the Class in

5   that Plaintiffs are indirect purchasers of ODD Devices and have no interests that are

6   antagonistic to other members of the Class. Furthermore, Plaintiff has retained competent

7   counsel experienced in antitrust, class action, and other complex litigation.

8        55.     This case is also appropriate for certification as a class action because the

9   Defendants have acted and refused to act on grounds generally applicable to the Class, so that

10   final injunctive relief will be appropriate with respect to the Class as a whole.

11        56.     The claims asserted herein are also appropriate for class certification under the

12   laws of the State of California and of each of the other states under which claims are asserted.

13                   VI.     FACTUAL ALLEGATIONS

14        57.     Plaintiffs are informed and believe, and thereon allege, that faced with

15   shrinking profits from ODD Devices, Defendants conspired to fix, raise, maintain, and

16   stabilize the price of ODDs in the United States at artificially inflated and anticompetitive

17   levels in order to preserve and increase their revenues. This artificial price increase was

18   passed on from direct purchasers to indirect purchasers in the ODD Product market.

19        58.     The ODD Devices industry has several characteristics that facilitate a

20   conspiracy, including market concentration, ease of information sharing, multiple interrelated

21   business relationships, significant barriers to entry, and homogeneity of products.

22        59.     During the Class Period, the ODD industry has been dominated by relatively

23   few companies, including Defendants. During the Class Period, Defendant HLDS, which is a

24   joint venture between Defendants Hitachi and LG Electronics, established itself as the

25   industry's top manufacturer with overall annual market share of between 25% and 30% of

26   shipments. TSST, a joint venture formed in 2004 by Defendants Toshiba and Samsung, holds

27   an annual market share in excess of 20%, making it the second largest ODD manufacturer in

28   the world. SOI, originally the SNOI joint venture by Defendants Sony Corp. and NEC Corp.,

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5800  FAX: (213) 622-5823

15

1    holds approximately 16% of the ODD market.  In 2008, SOI held approximately 42% of the

2    Blu-Ray installed base share, which is significant because the BD is the de-facto next-

3    generation DVD technology and allows ODD manufacturers to stand out in an industry that

4    has been largely commoditized.  Sony's increased BD production was integral to their overall

5    market share, increasing their overall shipments by approximately 6% that year, In 2008,

6    Defendants HLDS, TSST, and SOI were among the largest producers of ODDs in the world,

7    with a combined market share of approximately 65%.  Defendants' dominance and control

8    over the ODD market facilitated their ability to implement their conspiracy to fix the price of

9    ODD Devices.

10         60.    Defendants were also involved and relied upon joint ventures and long standing

11   business relationships in the ODD market that gave them continuous opportunities to discuss

12   pricing, capacity utilization, and other important prospective market information.  As noted

13   above, the first of these joint ventures was HLDS, which was established as a joint venture

14   between Defendants Hitachi and LG Electronics in November, 2000 and started operation in

15   January, 2001.  In April, 2004, Defendants Toshiba and Samsung consolidated their optical

16   disc drive divisions to form TSST.    Approximately two years later, Sony and NEC

17   Corporation entered into an optical disc drive joint venture to form SNOI.

18         61.    The formation of these joint ventures evidences the exchange of information

19   between Defendants, which provided the opportunity to conspire, and supported an ongoing

20   antitrust conspiracy between them.    Furthermore, the mutually beneficial nature of the

21   business relations between certain Defendants created a financial incentive to do so.

22         62.    There are significant manufacturing and technological barriers to entry into the

23   ODD industry.  In order to compete in the ODD industry, companies have to spend hundreds

24   of millions of dollars in research and development, licensing, manufacturing, and marketing of

25   products.  Moreover, the ownership and control exerted by Defendants over ODD Product

26   technology and market share through their joint ventures has allowed Defendants to dictate

27   who enters the market and at what cost.  These barriers to entry have made it extremely

28   difficult for smaller manufacturers of ODD Devices to compete with Defendants and

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600  FAX: (213) 622-5623

16

1   overcome the effects of economies of scale. Accordingly, the financial structure of the ODD

2   industry allowed Defendants to implement their antitrust conspiracy by eliminating

3   competition and artificially stabilizing the prices of ODD Devices without losing market share.

4       63.    During the Class Period, Defendants were members of trade and business

5   organizations that focused on ODD Devices and related industries, such as the DVD Forum,

6   the Optical Storage Technology Association ("OSTA"), and the International Symposium of

7   Optical Memory ("ISOM"). The DVD Forum, which includes Defendants Hitachi, LG

8   Electronics, Samsung, Sony, and Toshiba as members of its steering committee, is an

9   organization responsible for the licensing and distribution of DVD products whose "purpose is

10  to exchange and disseminate ideas and information about the DVD Format and its technical

11  capabilities, improvements and innovations." OSTA's members include LG Electronics and

12  Sony. As explained on its website, OSTA was:

            incorporated as an international trade association in 1992 to promote the use of
            writable optical technologies and products for storage of computer data. The
            organization's membership includes optical product manufacturers and
            resellers from three continents, representing more than 85 percent of
            worldwide writable optical product shipments. They work to shape the future
            of the industry through regular meetings of CD/DVD, file interchange, market
            development, magneto-optical and planning committees.

        64.    During the Class Period, these organizations held multiple meetings and
    conferences attended by Defendants and their employees, which provided Defendants with the
    opportunity to meet, discuss, and agree upon their pricing of ODD Devices.

        65.    Since its inception in the 1970s, the ODD industry has been typified by
    standardization of discs (e.g., CD-ROMs, DVD-ROMs) and related ODD Devices driven by
    industry participants and a variety of industry-related organizations such as ECMA
    International, the International Standardization Organization ("ISO"), and International
    Electrotechnical Commission ("IEC"). These organizations and their members are dedicated

                                        17

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600  FAX: (213) 622-5623

1  to "standardizing the use of information communication technology and consumer
2  electronics."

3      66.    The ODD industry is also subject to patents and intellectual property rights
4  which require adoption of standardized product specifications. As stated by Philips Consumer
5  Electronics B.V., which is responsible for the development of CD technology and continues to
6  hold patents and licensing rights arising therefrom:

7      Standardization offers many other advantages to industry as a whole. For
8      example: [1] Improvements to performance, compatibility, reliability, safety and
9      interoperability; [2] Economies of scale and lower costs – for example, by
10     allowing manufacturers to address multiple regions with a single product or
11     manufacturing line; and [3] *Cooperation between industry leaders, reducing the*
12     *risk for 'first-mover' companies which pioneer new products or*
13     *technologies.*(Emphases added)

15     67.    The standardization of the ODD Devices industry provided Defendants with the
16  mechanism to implement, enforce, and oversee their anticompetitive conspiracy to fix the
17  price of ODD Devices. Furthermore, as a result of this standardization, ODD Devices are
18  commodity products, and buyers make decisions to purchase such products based largely, if
19  not exclusively, on price.

20     68.    Defendants have been the subject of government investigations for their cartel
21  activity in recent years. For example, Samsung admitted guilt and paid a $300 million fine
22  following an investigation by the United States Department of Justice ("DOJ") into price-
23  fixing of dynamic random access memory ("DRAM") computer chips. The DOJ is currently
24  investigating Samsung, LG Electronics, Toshiba, and Hitachi, among others, concerning
25  collusion among manufacturers of thin film transistor liquid crystal display ("TFT-LCDs").
26  The ongoing TFT-LCD criminal investigation has resulted in hundreds of millions of dollars
27  in criminal penalties and admissions of guilt by LG Electronics ($400 million) and Hitachi
28  ($31 million).

18

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
INJUNCTIVE RELIEF, AND DAMAGES

69.    These same companies have been under investigation in the European Union ("EU"). The entities mentioned in the preceding paragraph are all under investigation for colluding to fix prices on TFT-LCDs sold in Europe. In November, 2007, the EU fined, *inter alia*, Sony and various related entities and the Hitachi Maxell Limited joint venture $110 million for fixing the prices of professional videotapes sold in Europe between 1999 and 2002. Similarly, Hitachi and Toshiba were fined by the European Commission for their roles in a conspiracy to control prices and allocate market shares in the market for gas-insulated switchgear between 1988 and 2004.

70.    Plaintiffs are informed and believe, and thereon allege, that Defendants are currently under investigation by the DOJ for anticompetitive conduct in connection with the ODD industry. Plaintiffs are further informed and believe, and thereon allege, that the United States' criminal investigation of the ODD conspiracy is being conducted by the DOJ's Antitrust Division in the Northern District of California.

71.    On Monday, October 26, 2009, Defendants SOA, TSST and HLDS confirmed that they received subpoenas from the DOJ in connection with a criminal antitrust investigation into possible price-fixing, bid-rigging, and allocation of markets regarding ODDs. News reports indicated that EU and Singaporean antitrust authorities were conducting similar investigations.

72.    It is significant that Defendants' anticompetitive behavior has been the subject of a criminal grand jury investigation by the DOJ. In order for the DOJ to institute a grand jury investigation, a DOJ Antitrust Division attorney must believe that a crime has been committed and prepare a detailed memorandum to that effect. *See* Antitrust Grand Jury Practice Manual, Vol. 1, Ch. I.B.1 ("[i]f a Division attorney believes that a criminal violation of the antitrust laws has occurred, he should prepare a memorandum requesting authority to conduct a grand jury investigation.") Furthermore, following a review of the memorandum, the request for a grand jury must be approved by the Assistant Attorney General for the Antitrust Division, based on the standard that a criminal violation may have occurred. *See id.* In addition, the fact that the DOJ Antitrust Division investigation is criminal, as opposed to

19

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600    FAX: (213) 622-5623

1    civil, is significant as well. The Antitrust Division's "Standards for Determining Whether to

2    Proceed by Civil or Criminal Investigation" state: "[i]n general, current Division policy is to

3    proceed by criminal investigation and prosecution in cases involving horizontal, per se

4    unlawful agreements such as price fixing, bid rigging and horizontal customer and territorial

5    allocations." *See* Antitrust Division Manual, Chapter III.C.5. Accordingly, the existence of a

6    criminal investigation into the ODD industry supports the existence of the conspiracy alleged

7    herein.

8        73.    The above combination and conspiracy has had the following effects, among

9    others:

10               a.    Price competition in the sale of ODD Devices by Defendants and their co-

11                     conspirators has been restrained, suppressed, and eliminated throughout

12                     the United States;

13               b.    Prices for ODD Devices sold by Defendants have been raised, fixed,

14                     maintained, and stabilized at artificially high and noncompetitive levels

15                     throughout the United States;

16               c.    Inflated prices have been passed on from direct purchasers to indirect

17                     purchasers; and

18               d.    Indirect purchasers of ODD Devices have been deprived of the benefit of

19                     free and open competition in the purchase of ODD Devices.

20        74.    As a direct and proximate result of the unlawful conduct of Defendants,

21    Plaintiffs and other members of the Nationwide Class have been injured in their businesses

22    and property in that they paid more for ODD Devices than they otherwise would have paid in

23    the absence of the unlawful conduct of Defendants.

24        75.    Plaintiffs and members of the Classes alleged herein had neither actual nor

25    constructive knowledge of the facts constituting its claim for relief despite diligence in trying

26    to discover the pertinent facts. Plaintiffs and members of said Classes did not discover, and

27    could not have discovered through the exercise of reasonable diligence, the existence of the

28    conspiracy alleged herein until October, 2009 when the antitrust investigation by the DOJ

20

became public. Defendants engaged in a secret conspiracy that did not give rise to facts that would put Plaintiffs or members of said Classes alleged herein on inquiry notice that there was a conspiracy to fix prices for ODDs or that they were paying artificially high prices for ODD Devices.

76.     Plaintiffs are informed and believe, and thereon allege, that the affirmative acts of Defendants alleged herein, including acts in furtherance of the conspiracy, were wrongfully concealed and carried out in a manner that precluded detection.

77.     Plaintiffs are informed and believe, and thereon allege, that by its very nature, Defendants' price-fixing conspiracy was inherently self-concealing.   As alleged above, Defendants had secret discussions about price and output through joint ventures, direct contact, and through trade and business organizations.   Defendants agreed not to publicly discuss the existence or the nature of their agreements.

78.     Plaintiffs are informed and believe, and thereon allege, that Defendants repeatedly gave pre-textual justifications for the inflated prices of ODDs and ODD Devices in furtherance of the conspiracy.

79.     Plaintiffs are informed and believe, and thereon allege, that Defendants' purported reasons for the pricing of ODDs and ODD Devices were materially false and misleading and made for the purpose of concealing Defendants' anti-competitive scheme as alleged herein.   As a result of Defendants' fraudulent concealment of their conspiracy, the running of any statute of limitations has been tolled with respect to any claims that Plaintiffs or any proposed Class members have alleged in this Complaint as a result of the anticompetitive conduct.

## VII.   VIOLATIONS ALLEGED

### (First Claim For Relief: Violation of Sherman Act)

80.     Plaintiffs incorporate and re-allege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

81.     Beginning at least as early as November 1, 2005, the exact date being unknown to Plaintiffs and exclusively within the knowledge of Defendants, Defendants, their agents and

21

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5800   FAX: (213) 622-5623

1  co-conspirators engaged in a continuing contract, combination or conspiracy to suppress and

2  eliminate competition by fixing the prices of ODDs. The contract, combination or conspiracy

3  engaged in by Defendants and their co-conspirators was an unreasonable restraint of interstate

4  and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

5      82.    In particular, Defendants have combined and conspired to raise, fix, maintain or

6  stabilize the prices of ODD Devices sold in the United States.

7      83.    The contract, combination or conspiracy among Defendants consisted of a

8  continuing agreement, understanding, and concert of action among Defendants, their agents

9  and/or their co-conspirators, the substantial terms of which were to agree to fix the prices of

10 ODDs.

11     84.    As a result of Defendants' unlawful conduct, prices for ODD Devices were

12 raised, fixed, maintained, and stabilized in the United States.

13     85.    For purposes of formulating and effectuating the charged contract,

14 combination, or conspiracy, Defendants, their agents and co-conspirators did those things they

15 contracted, combined, or conspired to do, including, among other things:

16          a.    participating in meetings, conversations and communications to discuss

17                the prices and supply of ODD Devices;

18          b.    communicating in writing and orally to fix prices of ODD Devices;

19          c.    agreeing, during those meetings, conversations and communications, to

20                manipulate and set pre-determined prices and supply of ODD Devices

21                sold in the United States in a manner that deprived indirect purchasers of

22                free and open competition in the market;

23          d.    Issuing price announcements and price quotations in accordance with the

24                agreements reached;

25          e.    selling ODD Devices to direct purchasers in the United States at non-

26                competitive prices, which were then passed on to indirect purchasers;

27          f.    providing false statements to the public to explain increased prices for

28                ODD Devices; and

22

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5800   FAX: (213) 622-5623

g.    exchanging information on sales of ODD Devices, for purpose of monitoring and enforcing adherence to the agreed-upon price.

86.    As a result of Defendants' unlawful conduct, Plaintiffs and the other members of the Nationwide Class have been injured in their businesses and property in that they have paid more for ODD Devices than they otherwise would have paid in the absence of Defendants' unlawful conduct.

87.    Plaintiffs and the Nationwide Class are entitled to an injunction against Defendants, preventing and restraining the violations alleged herein.

**(Second Claim For Relief: Unjust Enrichment)**

88.    Plaintiffs incorporate and re-allege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

89.    Defendants have been unjustly enriched through overpayments by Plaintiffs and Class members and the profits that resulted from those transactions throughout the United States.

90.    Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiffs and Class members.

91.    Plaintiffs and all members of the Class seek disgorgement of all profits resulting from said overpayments and establishment of a constructive trust from which Plaintiffs and Class members may seek restitution.

**(Third Claim For Relief:  Violation of State Unfair Competition Laws)**

92.    Plaintiffs incorporate and re-allege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

93.    Plaintiff Tom Daley ("California Plaintiff") incorporates and re-alleges each and every allegation set forth in the preceding paragraphs of this Complaint.

a.    Defendants' business acts and practices were centered, carried out, effectuated, and perfected mainly within the State of California, and Defendants' conduct injured all members of the California Indirect Purchaser Class.  Therefore, this claim for relief under California law is

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

23

1    brought on behalf of the California Indirect Purchaser Class.

2    b.    Beginning at least as early as November 1, 2005, the exact date being

3          unknown to Plaintiffs and exclusively within the knowledge of

4          Defendants, and continuing to the present, Defendants, their agents and/or

5          their co-conspirators entered into and engaged in continuing unlawful

6          trust in restraint of the trade and commerce described above in violation

7          of Section 16720, California Business and Professions Code. Defendants,

8          and each of them, have acted in violation of Section 16720 to fix, raise,

9          stabilize, and maintain prices of, and allocate markets for, ODDs and

10         ODD Devices at supracompetitive levels.

11   c.    The aforementioned violations of Section 16720, California Business and

12         Professions Code, consisted, without limitation, of a continuing unlawful

13         trust and concert of action among the Defendants and their co-

14         conspirators, the substantial terms of which were to fix, raise, maintain,

15         and stabilize the prices of, and to allocate markets for, ODD and ODD

16         Devices.

17   d.    For the purpose of forming and effectuating the unlawful trust, the

18         Defendants and their co-conspirators have done those things which they

19         combined and conspired to do, including but not limited to the acts,

20         practices and course of conduct set forth above and the following:

21         (1) Fixing, raising, stabilizing, and pegging the price of ODDs; and (2)

22         Allocating among themselves the production of ODDs.

23   e.    The combination and conspiracy alleged herein has had, *inter alia*, the

24         following effects:

25         (1) Price competition in the sale of ODDs and ODD Devices has been

26         restrained, suppressed, and/or eliminated in the State of California;

27         (2) Prices for ODDs and ODD Devices sold by Defendants and their co-

28         conspirators have been fixed, raised, stabilized, and pegged at artificially

24

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
INJUNCTIVE RELIEF, AND DAMAGES

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

1  high, non-competitive levels in the State of California and throughout the

2  United States; and

3  (3) Those who purchased ODDs and ODD Devices directly or indirectly

4  from Defendants and their co-conspirators have been deprived of the

5  benefit of free and open competition.

6  f.  As a direct and proximate result of the Defendants' unlawful conduct,

7  California Plaintiffs and the members of the California Indirect Purchaser

8  Class have been injured in their business and property in that they paid

9  more for ODD Devices than they otherwise would have paid in the

10  absence of Defendants' unlawful conduct.  As a result of Defendants'

11  violation of Section 16720 of the California Business and Professions

12  Code, California Plaints and the California Indirect Purchaser Class seek

13  treble damages and their cost of suit, including reasonable attorney fees,

14  pursuant to Section 16750 of the California Business and Professions

15  Code.

16  **(Fourth Claim For Relief: Violation of California Consumer Protection Laws)**

17  94.  Plaintiffs incorporate and re-allege, as though fully set forth herein, each and

18  every allegation set forth in the preceding paragraphs of this Complaint.

19  95.  Plaintiff Tom Daley ("California Plaintiff") incorporates and re-alleges each

20  and every allegation set forth in the preceding paragraphs of this Complaint.

21  a.  Defendants' business acts and practices were centered, carried out,

22  effectuated, and perfected mainly within the State of California, and

23  Defendants' conduct injured all members of the California Indirect

24  Purchaser Class.  Therefore, this claim for relief under California law is

25  brought on behalf of the California Indirect Purchaser Class.

26  b.  Beginning at least as early as November 1, 2005, the exact date being

27  unknown to Plaintiff and exclusively within the knowledge of

28  Defendants, and continuing to the present, Defendants committed and

25

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600  FAX: (213) 622-5623

1    continue to commit acts of unfair competition as defined by Sections

2    17200, *et seq.* of the California Business and Professions Code, by

3    engaging in the acts and practices specified above.

4    c.    This claim is instituted pursuant to Sections 17203 and 17204 of the

5    California Business and Professions Code, to obtain restitution from these

6    Defendants for acts, as alleged herein, that violated Section 17200 of the

7    California Business and Professions Code, commonly known as the

8    Unfair Competition Law.

9    d.    Defendants' conduct as alleged herein violated Section 17200. The acts,

10    omissions, misrepresentations, practices and non-disclosures of

11    Defendants, as alleged herein, constituted a common, continuous, and

12    continuing course of conduct of unfair competition by means of unfair,

13    unlawful, and/or fraudulent business acts or practices within the meaning

14    of California Business and Professions Code, Section 17200, et seq.,

15    including but not limited to the following:

16    (1) the violations of Section 1 of the Sherman Act, as set forth above; (2)

17    the violations of Section 16720, *et seq.*, of the California Business and

18    Professions Code, set forth above;

19    (3) Defendants' acts, omissions, misrepresentations, practices, and non-

20    disclosures, as described above, whether or not in violation of Section

21    16720, *et seq.*, of the California Business and Professions Code, and

22    whether or not concerted or independent acts, are otherwise unfair,

23    unconscionable, unlawful or fraudulent;

24    (4) Defendants' acts or practices are unfair to consumers of ODD Devices

25    in the State of California within the meaning of Section 17200, California

26    Business and Professions Code; and

27    (5) Defendants' acts and practices are fraudulent or deceptive within the

28    meaning of Section 17200 of the California Business and Professions

26

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600  FAX: (213) 622-5623

1    Code.

2    e.    California Plaintiff and each of the California Indirect Purchaser Class

3          members are entitled to full restitution and/or disgorgement of all

4          revenues, earnings, profits, compensation, and benefits that may have

5          been obtained by Defendants as a result of such business acts or practices.

6    f.    The illegal conduct alleged herein is continuing and there is no indication

7          that Defendants will not continue such activity in the future.

8    g.    The unlawful and unfair business practices of Defendants, and each of

9          them, as described above, have cause and continue to cause Plaintiffs and

10         the members of the California Indirect Purchaser Class to pay

11         supracompetitive and artificially inflated prices for ODD Devices.

12         California Plaintiffs and the members of the California Indirect Purchaser

13         Class suffered injury in fact and lost money or property as a result of such

14         unfair competition.

15   h.    The conduct of Defendants as alleged in this Complaint violates Section

16         17200 of the California Business and Professions Code.

17   i.    As alleged in this Complaint, Defendants and their co-conspirators have

18         been unjustly enriched as a result of their wrongful conduct and by

19         Defendants' unfair competition. California Plaintiffs and the members of

20         the California Indirect Purchaser Class are accordingly entitled to

21         equitable relief including restitution and/or disgorgement of all revenues,

22         earnings, profits, compensation and benefits that may have been obtained

23         by Defendants as a result of such business practices, pursuant to

24         California Business and Professions Code, Sections 17203 and 17204.

25                            VIII.    DAMAGES

26   96.    During the Class Period, Plaintiff and the other members of the Classes alleged

27   herein purchased ODDs indirectly from Defendants, their subsidiaries, agents, and/or

28   affiliates, and, by reason of the antitrust violations herein alleged, paid more for such products

27

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
INJUNCTIVE RELIEF, AND DAMAGES

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

1  than they would have paid in the absence of such antitrust violations.  As a result, Plaintiffs

2  and the other Class members have sustained damages to their businesses and property in an

3  amount to be determined at trial.

### IX.    PRAYER FOR RELIEF

5       WHEREFORE, Plaintiffs pray that the Court enter judgment on its behalf and on

6  behalf of the Nationwide Class members, adjudging and decreeing that:

7       A.    This Court determine that the Sherman Act, state antitrust law, and state

8             consumer protection and unfair competition law claims alleged herein may be

9             maintained as a class action suit under Rules 23(a), (b)(2), and (b)(3) of the

10            Federal Rules of Civil Procedure, as informed by the respective state class action

11            laws;

12      B.    This action may proceed as with named Plaintiff as the designated Class

13            Representative and their counsel as Class Counsel;

14      C.    The unlawful conduct, contract, conspiracy and combination alleged        herein

15            be adjudged and decreed to be:

16            1.    A restraint of trade or commerce in violation of Section 1 of the Sherman

17                  Act, as alleged in the First Claim for Relief herein, and that Plaintiffs and

18                  the Nationwide Class have been injured in their businesses and property

19                  as a result of Defendants' actions;

20            2.    Acts of unjust enrichment as set forth in the Second Claim for Relief

21                  herein;

22            3.    An unlawful combination, trust, agreement, understanding and/or concert

23                  of action in violation of the state antitrust laws identified in the Third

24                  Claim for Relief herein; and

25            4.    Violations of the state consumer protection and unfair competition laws

26                  identified in the Fourth Claim for Relief herein;

27      D.    Plaintiffs and the members of the Classes alleged herein recover damages

28            sustained by them, as provided by state antitrust laws, and that a joint and several

28

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600    FAX: (213) 622-5623

1    judgment in favor of Plaintiffs and the Classes alleged herein be entered against

2    the Defendants in an amount to be trebled in accordance with such laws;

3    E.   Plaintiffs and the State Classes alleged herein recover damages, to the maximum

4         extent allowed by state consumer protection laws,

5    F.   Defendants, their subsidiaries, affiliates, successors, transferees, assignees, and

6         the respective officers, directors, partners, agents, and employees thereof and all

7         other persons acting or claiming to act on their behalf be permanently enjoined

8         and restrained from continuing and maintaining the combination, conspiracy, or

9         agreement alleged herein, or from entering into any other conspiracy alleged

10        herein, or from entering into any other contract, conspiracy or combination

11        having a similar purpose or effect, and from adopting or following any practice,

12        plan, program or device having a similar purpose or effect;

13   G.   The Court enter an order of divestiture requiring Defendants to rescind and/or

14        dissolve the cooperation agreements, joint ventures and/or cross-license

15        agreements alleged herein between and among them used to facilitate the

16        conspiracy alleged herein;

17   H.   Plaintiffs and members of the Classes alleged herein be awarded restitution,

18        including disgorgement of profits obtained by Defendants as a result of their acts

19        of unfair competition and acts of unjust enrichment;

20   I.   Plaintiffs and the members of the Classes alleged herein be awarded pre-

21        judgment and post-judgment interest, and that such interest be awarded at the

22        highest legal rate from and after the date of service of the initial complaint in this

23        action;

24   F.   Plaintiffs and the members of the Classes alleged herein recover their costs of

25        this suit, including reasonable attorneys' fees as provided by law; and

26   G.   Plaintiffs and the members of the Classes alleged herein receive such other or

27        further relief that the Court deems to be just and proper under the circumstances.

28

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX: (213) 622-5623

29

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
INJUNCTIVE RELIEF, AND DAMAGES

1          X.     JURY TRIAL DEMANDED

2          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of

3     all of the triable claims asserted in this Complaint.

4     DATED:  April 22, 2010

5                                              PRATA & DALEY LLP

6

7

8                              By   _____
                                              Todd A. Daley
9                                    Attorneys for Plaintiffs and the Class

10

11

PRATA & DALEY LLP
515 SOUTH FIGUEROA STREET, SUITE 1515
LOS ANGELES, CALIFORNIA 90071
(213) 622-5600   FAX:  (213) 622-5623

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    30

CLASS ACTION COMPLAINT FOR RESTITUTION, DISGORGEMENT,
INJUNCTIVE RELIEF, AND DAMAGES